UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN DAWKINS** | : | **DOCKET NO. 18-cv-1381** |
| REG. # 19518-424 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by John Dawkins, who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Pursuant to a plea agreement, Dawkins was convicted in the United States District Court for the Northern District of Illinois of one count of bank robbery by force or violence, a violation of 18 U.S.C. §§ 2 and 2113(a), and one count of brandishing a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Toney*, No. 1:07-cr-0094, docs. 24, 70 (N.D. Ill. Jun. 26, 2008). On June 26, 2008, he was sentenced as a career offender to serve 262 months in prison. *Id.* at doc. 76; *see Johnson v. United States*, 809 F.3d 953 (7th Cir. 2016). He did not appeal his conviction or sentence. Instead, he filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, on September 9, 2014, which the trial court denied as untimely. *United States v. Dawkins*, No. 1:14-cv-7180, docs. 1, 5 (N.D. Ill. Oct. 2, 2014). He then sought

authorization to file a successive § 2255 motion in the United States Court of Appeals for the Seventh Circuit, alleging that he was entitled to relief from his career offender designation based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). That court denied authorization, and denied it again when Dawkins requested same under *Johnson* and *Mathis v. United States*, 136 S.Ct. 2243 (2016). *Dawkins*, 809 F.3d at 954–56; *Dawkins v. United States*, 829 F.3d 549 (2016). Dawkins now seeks relief in this court, his district of incarceration, under § 2241, again arguing that he is entitled to relief from his career offender designation under *Johnson* and *Mathis*. Doc. 1.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Dawkins alleges an error at sentencing. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

In support of his right to proceed under the savings clause, Dawkins relies on (1) *Johnson*, supra, which held that the residual clause defining "crimes of violence" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague, and (2) *Mathis*, which

held that an Iowa burglary statute could not qualify as a crime of violence under the elements clause of § 924(e) and that the defendant's conviction under § 924(e), which relied on an Iowa burglary conviction, must be vacated. Dawkins maintains that, under these cases, his career offender sentencing enhancement resting in part on an Illinois burglary conviction must be vacated.

As the Fifth Circuit has repeatedly emphasized, the savings clause only relates to "[conviction] of a nonexistent offense" – not to innocence of a sentencing enhancement. *Maddox v. Maye*, 455 Fed. App'x 435, 437 (5th Cir. 2011) (unpublished) (citing *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)). Dawkins does not claim to be innocent of the federal convictions for which he is currently serving his sentence. Accordingly, he cannot satisfy the savings clause and this court is without jurisdiction to review his request for relief under § 2241.[1] *See Jeffers*, 253 F.3d at 830–31; *Kinder*, 222 F.3d at 214.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

---

[1] Moreover, Dawkins's challenge relies on the residual clause of the United States Sentencing Guidelines, § 4B1.2(a)(2). Although this clause is identical to the invalidated residual clause of the ACCA, the Supreme Court recently clarified that the advisory Sentencing Guidelines are not subject to vagueness challenges and that *Johnson* thus offers no chance of relief for those seeking to challenge their career offender designations. *Beckles v. United States*, 137 S.Ct. 886 (2017). Thus, even if Fifth Circuit precedent permitted us to consider Dawkins's challenge to his sentencing enhancement, his claim is now foreclosed by the Supreme Court.

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of November, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE